IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DHANNIELL AQUINO, SR.[1],                           :
                                                     :
        Plaintiff,                                :  CIVIL NO. 3:CV-05-2107
                                                     :
    vs.                                           :  (CHIEF JUDGE VANASKIE)
                                                     :
ED SAUDI, ET AL.,                                    :
                                                     :
        Defendants.                               :

M E M O R A N D U M

I.      Introduction

Plaintiff, Dhanniell Aquino, Sr., an inmate at the State Correctional Institution at

Houtzdale (SCI-Houtzdale), Pennsylvania, has brought this action under 42 U.S.C. § 1983.

Named as Defendants are various individuals employed at the Siena Halfway House,

Harrisburg, Pennsylvania.  Among those listed as Defendants are two Doe defendants.  Aquino

alleges that, while at the Siena Halfway House, Defendants forced him to take medication to

which he is allergic, triggering his diabetes as well as causing other injuries.  He also alleges

violations of his First Amendment right to free exercise of religion.  Simultaneous with the filing

of his complaint, Aquino submitted an application to proceed in forma pauperis in this matter.

---

[1] As indicated by Plaintiff in the caption of his complaint, he also goes under the alias names of Dhanny Vega and Daniel Vega.  (Dkt. Entry 1, Compl. at 1.)  He has filed numerous actions in this Court under both of these names.

(Dkt. Entry 2.)  For the reasons outlined below, Aquino's complaint will be dismissed, without

prejudice, pursuant to 28 U.S.C. § 1915(g).  His motion to proceed in forma pauperis is moot.

## II.    Standard of Review

The Prison Litigation Reform Act of 1996 ("PLRA"), in an effort to halt the filing of

meritless inmate litigation, enacted what is commonly referred to as the "three strikes" rule.

Codified at 28 U.S.C. § 1915(g), the "three strikes" rule provides that an inmate who has had

three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable

claim may not proceed in a civil action in forma pauperis "unless the prisoner is in imminent

danger of serious physical injury."  See 28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239 F.3d

307, 312 (3d Cir. 2001) (en banc), cert. denied, 533 U.S. 953 (2001).  The "imminent danger"

exception to § 1915(g)'s "three strikes" rule is available "for genuine emergencies," where "time

is pressing" and "a threat ... is real and proximate."  Lewis v. Sullivan, 279 F.3d 526, 531 (7th

Cir. 2002).

Dismissals of actions entered prior to the effective date of the PLRA are counted toward

the "three strikes."  See Keener v. Pennsylvania Board of Probation and Parole, 128 F.3d 143,

1444-45 (3d Cir. 1997) (holding that dismissals of actions as frivolous before 1996 "are included

among the three that establish the threshold for requiring a prisoner to pay the full docket fees

unless the prisoner can show he or she is 'under imminent danger of serious physical injury'").

The "three strikes" provision does not bar disqualified inmates from filing additional actions, but

it does deny them the opportunity to proceed in forma pauperis and requires them to pay the required filing fee.

## III.    Discussion

Since July of 1995 Plaintiff has initiated twenty-six (26) civil actions in this Court.  Many of these actions were dismissed as legally frivolous or for failure to state a claim upon which relief can be granted.  The following are three of his later actions dismissed on this basis: Vega v. Dauphin County Prison, et al., Civil No. 3:CV-96-0154 (M.D. Pa. August 27, 1996)(Vanaskie, C.J.); Vega v. Zugay, et al., 3:CV-96-0546 (M.D. Pa. November 27, 1996)(Vanaskie, C.J.); Vega v. Bishop, et al., 3:CV-96-0591 (M.D. Pa. February 18, 1997)(Vanaskie, C.J.).  These dismissals qualify as "strikes" for purposes of determining whether Plaintiff can proceed in forma pauperis in this action.

As for the present action, there is no indication that Plaintiff is in danger of imminent "serious physical injury."  The incidents of which he complains occurred at the Siena Halfway House, and Plaintiff is now confined at SCI-Houtzdale.  Consequently, the above-captioned action will be dismissed under § 1915(g).  An appropriate Order follows.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DHANNIELL AQUINO, SR., | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-05-2107 |
| | : | |
| vs. | : | (CHIEF JUDGE VANASKIE) |
| | : | |
| ED SAUDI, ET AL., | : | |
| | : | |
| Defendants. | : | |

## O R D E R

**NOW, THIS 19th  DAY OF OCTOBER, 2005,** for the reasons set forth in the

accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1.   Plaintiff's motion to proceed in forma pauperis (Dkt. Entry 2) is denied as moot.

2.   Plaintiff's complaint is dismissed, without prejudice, pursuant to 28 U.S.C.

§ 1915(g).

3.   The Clerk of Court is directed to close this case.

4.   Any appeal from this Order will be deemed frivolous and not taken in good

faith.  See 28 U.S.C. § 1915(a).

s/ Thomas I. Vanaskie
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania